*A. J. Simpson,* for appellant.

---

## LOGAN *v.* KISER and Others.

HIGHWAYS.—PRACTICE.—To a petition for the location of a highway, an answer was filed setting up that a similar petition had been filed some ten years before, by other persons, which had never been prosecuted to a conclusion. A demurrer was filed and sustained to this answer, and after a report in favor of the highway a remonstrance was filed controverting the public utility of the road and asking damages. Reviewers were appointed and reported in favor of the road, and assessed the damages of the remonstrant at $150. Before any action by the county board on this report, the remonstrant appealed to the Circuit Court, where the demurrer to the answer was again sustained, and a judgment rendered establishing

the highway and ordering the sum of $200, allowed to the remonstrant for his damages, to be paid out of the county treasury.

*Held*, that the Circuit Court should have summarily dismissed the appeal.

*Held*, also, that the court would have committed no error if it had stricken from the files both the answer and the demurrer, as no such pleadings were proper in such a case.

*Held*, also, that the order directing the payment of the damages out of the county treasury was proper. The Circuit Court had the same power over that question that the county board had.

APPEAL from the *Decatur* Circuit Court.

FRAZER, C. J.—The record in this case develops the fact that a practice was indulged in below which was very novel indeed. The case originated before the board of commissioners, and was a petition for the establishment of a public highway. The present appellant appeared there and filed a paper called an "answer," alleging that an effort had once been made by other petitioners for the same purpose, some ten years before, which had never been prosecuted to a conclusion. This, he insisted upon as a bar to any proceedings by the commissioners upon the petition before them. To this the petitioners demurred, and succeeded upon the demurrer. After a report of the viewers in favor of the proposed highway, as being of public utility, *Logan*, by remonstrance, claimed damages and questioned the public utility of the road. Reviewers were thereupon appointed, who reported that the road would be of public utility, and that they had assessed the damages of the remonstrant at $150. Without waiting for any action of the board of commissioners upon the last report, he appealed to the Circuit Court. That court ought summarily to have dismissed the appeal, but it did not; it again sustained the demurrer. This was not error; nor would it have been if it had stricken from the files, as idle, both the demurrer and answer. No such pleadings are proper in such a case. But, by sustaining the demurrer, a right result was reached. A trial in the Circuit Court resulted in a verdict that the proposed road would be of public utility, and in an assessment of $200 damages in favor of the appellant. The

court rendered judgment that the damages be paid out of the county treasury, and that the road be established. The appellant insists that the order for the payment out of the county treasury was error. We think not. On appeal, the Circuit Court had the same power upon that subject which the commissioners had. Besides it was not a matter for the appellant to complain about; it does not injure him.

The judgment is affirmed, with costs.

*B. W. Wilson,* for appellant.

*S. A. Bonner,* for appellees.