THE STATE, EX REL. JACKSON TOWNSHIP ET AL., *v.* ARNOLD ET AL.

TOWN.—*Incorporation.*—A town cannot be incorporated until its officers and its board of trustees have been elected, and a president of the board designated. It is accordingly held, that where all the preliminary steps have been taken, and a vote ordered by the board of county commissioners has resulted in favor of the incorporation of the town, but no report has been made by the inspectors of the election, and no further steps taken toward the organization, an action cannot be sustained in the name of the township, on relation of a number of the taxpayers, to enjoin the township trustee from

proceeding to erect a school-house, with the funds of the township, within the limits designated as the town.

TOWNSHIP.—*Litigation.*—No number of citizens of a township can be permitted, unofficially, to embark the township, at their pleasure, in litigation, on their relation, at the expense of the township treasury.

APPEAL from the Morgan Circuit Court.

DOWNEY, J.—Suit in the name of the State, on the relation of Jackson township and many citizens of that township, against Arnold, as trustee of the township, and certain other persons, to whom, as trustee, he had let the contracts for erecting a graded school building for the township.

Answer by general denial, and by a special paragraph for the contractors. A demurrer was sustained to the special paragraph of the answer. Trial by jury, and verdict and judgment for the defendants. The object of the suit was to enjoin the defendants from further proceeding with the erection of the building. The citizens of Morgantown, in Jackson township, had taken certain steps toward the incorporation of that town, and the school-house was erecting, or to be erected, within the limits of the town, as specified in these proceedings.

The trustee was proceeding to erect the building at the expense and out of the moneys of the whole township. If the town was legally incorporated, it is conceded by counsel for appellees that the trustee could not thus use the money of the township, and had no legal right to erect the building; as in that case the town would itself be a legal corporation for school purposes, and by its proper officers would have the power and the right to manage its own school affairs in its own way. It is also conceded that if the town was so incorporated, the citizens of the township outside of the town would have a legal right to object to the use of the township funds to erect the house in the town. We think, after a careful examination of the case, that the question whether the town was or was not incorporated is the point on which the case must turn; for although the trustee is charged in the complaint with fraud in procuring his election

The State, *ex rel.* Jackson Township *et al.*, *v.* Arnold *et al.*

by misrepresentations as to his intentions with reference to the building of the school-house, and also with an intention of erecting the house at the expense of, or with the funds of, the township, and then, by the incorporation of the town, to deprive the citizens of the township of the use of the house, the verdict of the jury acquits him of these charges. Indeed, we think it doubtful whether either of these considerations could properly have anything to do with the case. It can hardly be successfully contended that the courts can, by injunction or otherwise, compel persons to carry out the pledges which they may have made during a canvass for a public office, with reference to the manner of the discharge of its duties when they shall have been elected. Nor does it seem clear to us that the suspicion that the trustee will, when the school-house shall have been erected, participate in the organization of the town into a corporation, furnish legal ground on which the court can, by injunction, control him in the discharge of a duty which the law commits to his judgment and discretion. As the law now is, if the school-house should be erected by the funds of the township, without anything having been said about the incorporation of the town, the people of the town, with the assent of the board of commissioners of the county, might procure their town to be incorporated, and the people of the township, outside of the proposed limits, could have no voice in the decision of that question. What the effect of such incorporation of the town would be upon the title of the township to the school property would be another question. But on this subject, see *Heizer* v. *Yohn*, 37 Ind. 415.

Turning to the law for the incorporation of towns, 1 G. & H. 619, we find the steps indicated which must be taken for the incorporation of a town. There must be a survey and map made of the territory intended to be embraced within the limits of the town. There must be a census taken of the resident population of the territory. The survey, map, and census must be left at some convenient place within said territory for inspection by those interested for at least twenty

days. A petition must be presented to the board of county commissioners after notice given. The board, if satisfied that the requirements of the law have been complied with, shall make an order declaring that such territory shall, with the consent of the qualified voters thereof, be an incorporated town, etc., and shall provide for a meeting of the qualified voters resident in the said territory, at a convenient place therein, to be by them named, on some day within one month therefrom, to determine whether such territory shall be an incorporated town. Notice of this meeting must be given, polls shall be opened, and the election held, when the voters shall, by their votes, decide the question. Section 9 of the act is as follows: "The qualified voters of said territory shall vote by ballot, having thereon the word 'yes,' or the word 'no,' and if a majority of the ballots given at such meeting shall have thereon the word 'no,' the voters of such territory shall be deemed not to have assented to the incorporation thereof as a town, and no further proceedings shall be had in relation thereto; but if a majority of such ballots shall have thereon the word 'yes,' such territory shall, from that time, be deemed an incorporated town, to have continuance thereafter by the name and style specified in the order made by the board of county commissioners, as hereinbefore provided; and the inspectors of such meeting shall make a statement showing the whole number of ballots given at such meeting, the number having the word 'yes' thereon, and the number having the word 'no' thereon, which statement shall be verified by the affidavit of such inspectors, and shall be returned to such board of commissioners, at their next session, who, if satisfied of the legality of such election, shall make an order declaring that said town has been incorporated by the name adopted, which order shall be conclusive of such incorporation, in all suits by or against such corporation; and the existence of said corporation, by the name and style aforesaid, shall thereafter be judicially taken notice of in all courts and places in this State, without specially pleading or alleging the same."

"Sec. 10. Such inspectors, when they shall have returned the statement as aforesaid, shall next proceed to divide said town into not less than three or more than seven districts," etc. They are then to give notice of an election of officers of this town, and certify their election to the clerk of the circuit court. Among these officers are to be elected one trustee from each district, and these trustees are to elect a president of their own body. It is then provided by section 20 as follows: "The president and trustees of such town, and their successors in office, shall constitute a body politic and corporate, by the name of the town of —————, and shall be capable in law to prosecute and defend suits to which they are a party."

It appears that a survey and map were made, and census taken, and notice given, and application made to the commissioners to authorize the incorporation of the town; that the commissioners made an order for a meeting of the voters in the prescribed limits; and that an election was accordingly held on the 25th day of September, 1869, which resulted in a majority of the votes being cast in favor of incorporation. No report of this election was ever made to the board of commissioners, or any further steps taken toward organizing the corporation.

On the 3d day of November, 1869, Arnold purchased the ground on which to erect the school building. On the 24th day of January and on the 3d day of February, 1870, he let the contracts for the work. There was evidence tending to show that the idea of incorporating the town had been abandoned before any steps were taken by Arnold toward acquiring the ground or the erection of the school building.

Do these facts show that the town was ever legally a corporation? We think they do not. The town cannot be a corporation, in a proper sense, until its officers and its board of trustees shall have been elected, and a president of the board designated. All this seems to be contemplated by section 20, above quoted. As section 9 declares that if a majority of the voters shall vote "yes," such territory shall

from that time be deemed an incorporated town, perhaps when its organization has been completed, its existence may relate back to the date of the election. It seems to us that no other construction than this can be correct; for if it should be held that the mere vote made the corporation, and the inspectors failed to report at the next session of the board, as required by section 9, and consequently could not proceed, as authorized by section ten and the subsequent sections, to organize the corporation, there would be a corporation without the power of ever having any officers to administer its affairs. The question is not, however, free from doubt and difficulty.

The relators, other than Jackson township, moved the court to tax and adjudge the costs against the township exclusively; which motion was overruled, and they excepted.

It was right to overrule this motion. As no authority appears to any one to use the name of the township as a relator, it might be a question, were the point before us, whether the relators, other than the township, should not have been taxed with all the costs. It can hardly be allowable for a citizen, or any number of the citizens of a township, unofficially, to embark the township in litigation at their own pleasure, and at the expense of the township treasury.

The judgment is affirmed, with costs.

*W. R. Harrison, C. F. McNutt, W. S. Shirley,* and *G. W. Grubbs,* for appellants.

*S. Claypool* and *F. P. A. Phelps,* for appellees.