# Charleston.

## AUGUSTUS PACK *vs.* CHESAPEAKE & OHIO R. R. Co.

### January Term, 1872.

1. The proceedings under the statute for fixing the compensation to land owners, for taking lands for the use of internal improvement companies, is not a chancery, but a law proceeding; and no appeal can be taken from an interlocutory order therein.

2. Upon the coming in of a report of commissioners, which fact is entered of record, and the payment into court of the sum fixed as just compensation to land owners, the defendants, the land owners, move to set aside the original order appointing commissioners, which motion is overruled, and from this they appeal; and it is held, that the court not having acted upon the report, there is no final judgment, and therefore the appeal cannot properly be taken.

The proceedings in this case were commenced in the circuit court of Kanawha county in March, 1871. The railroad company, upon petition, procured the appointment of commissioners to report a just compensation to owners through whose lands they proposed to construct their railroad.

Five commissioners were selected and appointed according to law, who reported that they had fixed the compensation for the lands claimed by Augustus Pack and James W. Oaks at five hundred dollars. On the 17th of April, 1871, the railroad company paid into court the sum fixed as compensation. On the day following, defendant Pack filed an answer to the original application of the petitioners, he having at a former day of the term made a motion to set aside the order appointing commissioners, to which motion the petitioners had appeared. But the court overruled the motion to set aside the order. Pack excepted to this ruling, and brought the case here on that exception. The case was heard here on a motion to dismiss the appeal.

*Fitzhugh* and *Nash* for the appellant.

*Miller & Quarrier* and *Laidley & Hogeman* for appellee.

The appellee submits the following argument:

*First,* Neither the order of March 23d, 1871, or that of April 18th, 1871, are appealable.

I. They are not final orders, because nothing is disposed of; the court merely determines that the property is subject to condemnation and follows that determination with the initial step to condemn it.   No title is passed by either order and no possession changed.   Before either of these can occur the court must pass upon and confirm the commissioners' report. As to what is a final order, see *Ruff* vs. *Starkes' Administratrix,* 3 Grat., p. 137; *Henning* vs. *Bolling,* 8 Grat., p. 292; *Thorntons* vs. *Fitzhughs,* 4 Leigh, p. 209; *Cocke* vs. *Gilpin,* 1 Rob. Rep. 20.

But as a further illustration of what is a final order it is submitted that no order is final unless both parties are bound by it.   In this case it is in the power of the appellee to repudiate this whole proceeding up to the confirmation of the report. 10 Howard, U. S. Supreme court, p. 399.

II. Nor do they come within the meaning of any order enumerated in the Code as appealable orders.   Code of W. Va., p. 639.

It is needless to enumerate the classes of orders made appealable by the Code; it is sufficient to say that the orders in this case do not even approximate to any of them.   The nearest approach to them is the order "adjudicating the principles of the cause," but this, it will be observed, relates altogether to chancery causes, whilst this is a law proceeding.

*Second,* If any substantial objection existed to the order of March 23d, 1871, it should have been made at the time; failing to make it then, the defendant is presumed to have waived his objection, and such waiver implies a consent to take the property described in the petition.   He is thereby estopped from denying that he gave his consent.   Especially is this so after participating in the appointment of the commissioners and twice asking for and obtaining a continuance from them without intimating the slightest objection to the proceedings.   *Dyckman* vs. *Mayor, &c.,* 1 Selden N. Y., p. 441 and 442, and 6 Paige, p. 85; 3 W. Va,, 618; Tates Digest, 158, paragraphs 1 and 6 under head of "consent of parties;" 7 Leigh, p. 416; 9 Leigh, 352; 4 Munford, p. 466.

120        COURT OF APPEALS OF WEST VIRGINIA.

Jan'y Term,        Pack vs. Chesapeake & Ohio R. R. Co.        1872

A different rule would lead to fatal consequences in our judicial interests, and would encourage a system of gambling with the courts that is pernicious to the morals of suitors and that must lead to endless litigation.    Take, for instance, the case in hand.    At first the defendant acquiesced in the action of the court, no doubt with the understanding with himself that "if the commissioners will pay me an extortionate sum for my log cabin, to-wit, five thousand dollars, then I will continue to acquiesce to the end, but if they give me less, then I will anticipate the motion to confirm the report by a motion to set aside the original order to which I solemnly agreed."    The defendant was in fact disappointed.    Instead of realizing the exorbitant sum which the record shows that he expected, the commissioners awarded him but about one-tenth of that sum.    Hence the motion to set aside.

MAXWELL, J.    Upon the application of the Chesapeake and Ohio Railroad Company, the circuit court of Kanawha county appointed commissioners to ascertain and report what would be a just compensation to the owner, for a certain lot or parcel of land belonging to the defendant, Pack, proposed to be acquired by the said company for its purposes.

The commissioners made their report, which was filed as required by law, with the papers of the cause, and without any confirmation of the report, the railroad company paid into court the amount of compensation ascertained by the commissioners; whereupon the defendant moved the court to set aside the order made appointing the commissioners, which the court refused to do; and from these orders the appeal is taken to this court.    The report of the commissioners has not been acted upon in the court below, and no final judgment or order has been entered in the cause.

The appellee objects to the jurisdiction of this court because, it insists, that the orders appealed from are not appealable orders.

This is not a case in chancery, but a proceeding at law, and there is no authority in the Code for an appeal from interlocutory orders in a proceeding of this sort.    It has been twice decided by the court of appeals of Virginia, that interlocutory orders in proceedings of this sort cannot be appealed

from. *Trevillian* vs. *Louisa Railroad Company*, 3 Gratt., 326 ; *Hancock* vs. *Richmond and Petersburg Railroad Company*, 3 Gratt., 328.

The appeal will therefore have to be dismissed as prematurely taken, with costs to the appellee.

The other judges concurred.

APPEAL DISMISSED.