Freshour *et al. v.* The Logansport and Northern Turnpike Company *et al.*

---

No. 12,105.

FRESHOUR ET AL. *v.* THE LOGANSPORT AND NORTHERN TURNPIKE COMPANY ET AL.

HIGHWAY.—*Appeal from County Commissioners.—Dismissal.*—An appeal to the circuit court will not lie from an order of the county commissioners appointing viewers to report upon the public utility of a proposed highway, and when taken it should be dismissed summarily.

SAME.—*Jurisdiction.*—A proceeding for the location of a highway remains under the jurisdiction of the county commissioners until by some order or decision it is substantially ended.

PRACTICE.—*Dismissal of Appeal.—Bill of Exceptions.*—It is only where a motion to dismiss an appeal rests upon matters not apparent on the face of the record itself that a bill of exceptions is necessary to present it.

From the Cass Circuit Court.

*S. T. McConnell* and *D. B. McConnell,* for appellants.

*D. C. Justice,* for appellees.

MITCHELL, J.—On the 13th day of September, 1881, George Freshour and thirty-five others, alleging that they were resident freeholders and householders of Cass county, residing in the vicinity of a proposed highway, filed their pe-

tition with the board of commissioners of Cass county praying for the location of a highway on a line described.

On the same day the Logansport and Northern Turnpike Company, and the Logansport and Pleasant Grove Turnpike Company appeared before the board and moved to dismiss the petition for certain causes assigned in writing. The motion to dismiss was overruled.

The turnpike companies then filed their remonstrance or "answer" to the petition. The substance of the answer was, that on the 3d day of December, 1877, Freshour and others filed their petition before the same board praying for the location of a highway along the identical route described in the petition then presented. That such proceedings were had thereon, that on the 12th day of March, 1879, a report of viewers was presented to the board by which damages, amounting in the aggregate to over five hundred dollars, were awarded to certain persons whose lands would be affected by the location of such highway. That the board, not deeming the proposed highway of sufficient public utility to justify the payment of the damages awarded out of the public treasury, made an order that when the damages were paid by the petitioners the proposed highway should be established and opened.

The board held this remonstrance insufficient, and thereupon made an order appointing viewers to view and report upon the utility of the proposed highway.

The turnpike companies appealed from this order to the circuit court. The record shows that at the November term, 1882, of the Cass Circuit Court, the plaintiffs' motion to dismiss the appeal was overruled, to which ruling they excepted, and five days' time was given them in which to file a bill of exceptions.

The record does not disclose, except as it may be inferred from the foregoing recital, that a motion to dismiss the appeal was filed.

After the motion to dismiss was overruled, the remonstrants, by leave of court, filed additional answers, present-

ing various matters in bar of the right of the petitioners to continue the prosecution of their petition.

The principal grounds set up to defeat the petition were, that the petition omitted the name of a land-owner whose lands would be affected by the location of the highway. The proceedings and assessment of damages referred to in the remonstrance filed before the board of commissioners were also pleaded in bar.

Upon issues made on the answers thus filed a trial was had in the circuit court, finding for the defendants, and, over a motion for a new trial and in arrest, a general judgment was entered against the petitioners that they take nothing by their petition.

It is made a question whether the circuit court acquired jurisdiction by the appeal as taken. The appointment of viewers by the board upon the application of the petitioners being a mere interlocutory order, made in the course of a proceeding which had not progressed to final judgment, the question is, did an appeal lie from such order?

Preliminary to the decision of this question, we are required to determine whether the motion to dismiss the appeal is so presented as that the question is before us. The contention is made that because the motion to dismiss, and the reasons upon which it was made, are not in the record by bill of exceptions, no question is presented in that regard. It is only when such motion relates to a collateral matter, that is, a matter not apparent on the face of the record itself, that a bill of exceptions is necessary to present it.

The jurisdiction of the circuit court depended upon whether the order appointing viewers was one from which an appeal would lie. If an appeal could properly have been taken, the court had jurisdiction. If it could not be taken, the court had no jurisdiction. All the facts necessary to determine the question were in the record, and " Where full information and all essential facts are shown in the record, no bill of excep-

tions is necessary." *Doctor* v. *Hartman*, 74 Ind. 221; *Red-inbo* v. *Fretz*, 99 Ind. 458. If, in fact, the court had no jurisdiction to proceed, a formal motion to dismiss was not necessary. The court should have dismissed the case summarily. In the case of *Washington Ice Co.* v. *Lay*, 103 Ind. 48, which is relied on by the appellees, a motion to dismiss was made for want of sufficient notice of the filing of the petition. The motion related to a collateral matter, in no manner involving the jurisdiction of the court, and it was correctly held that a bill of exceptions was necessary to present the question. The case is not applicable to the question as presented here. The order of the board from which the appeal was taken was not such a decision as that an appeal could be taken from it.

The case before us is, in many respects, similar to that of *Logan* v. *Kiser*, 25 Ind. 393. In that case a petition was presented to the board of commissioners praying for the establishment of a highway. Logan appeared and filed what he called an answer in bar, in which he set up that an effort had been made by other petitioners, some ten years before, to obtain the location of the highway then prayed for, and that the proceedings had never been prosecuted to a conclusion. This answer was held insufficient. Before any final action by the board, Logan appealed to the circuit court. It is said in that case, the "court ought summarily to have dismissed the appeal." So in this case, until an order was made by the board of commissioners putting an end to the proceeding before it, in some way, there was no decision from which an appeal could be taken. *Smith* v. *Scearce*, 34 Ind. 285.

If it were allowable to appeal from every order which a board of commissioners is required to make during the progress of a proceeding for the location of a highway, and thus arrest it, the establishing of a highway might be delayed indefinitely.

A proceeding for the location of a highway remains within,

and subject to, the jurisdiction of the board of commissioners, until by some order or decision made by such board the proceeding is substantially ended. Where such a decision is made, an appeal may be taken by any person considering himself aggrieved. Upon such appeal the circuit court acquires jurisdiction to try the case *de novo* and determine all such questions and issues as have been made before the board, or which may be made by proper amendment in the court to which the appeal is taken. *Green* v. *Elliott,* 86 Ind. 53; *Turley* v. *Oldham,* 68 Ind. 114.

The court erred in overruling the motion to dismiss the appeal. The judgment is reversed with costs, with directions to the court below to dismiss the appeal.

