No. 12,940.

## NEPTUNE ET AL. *v.* TAYLOR ET AL.

FREE GRAVEL ROAD. — *County Commissioners.*— *Final Order.*— The final order by the board of commissioners, in a proceeding under the statute for the establishment of a free gravel road, is the order confirming the assessments of benefits made by the committee appointed for that purpose.

SAME.—*Appeal.*— *When Will Not Lie.*—An appeal will not lie in such a proceeding, from an order of the board rejecting a motion, made before the confirmation of the assessments, to vacate the orders approving the viewers' report and directing the improvement to be made.

From the Boone Circuit Court.

*P. W. Dutch* and *J. S. Tarkington*, for appellants.

*C. S. Wesner* and *C. M. Zion*, for appellees.

ZOLLARS, J.—On the 21st day of February, 1883, appellees filed a petition before the board of commissioners of Boone county, asking for the establishment and construction of a free gravel road, under sections 5091, *et seq.*, R. S. 1881. At the adjourned session in the following March, the board appointed viewers, with directions that they should make a view, and report at the ensuing September session. At that session a report was filed. The board approved it, and made an order that the improvement should be made. Nothing further seems to have been done until the September session of the board in 1885. At that session the board appointed a committee to apportion the estimated expenses upon the lands benefited. That committee performed their work, and made and filed their report.

Before the board had confirmed or taken any action upon the report, appellants filed a written motion asking the board to set aside and vacate the order approving the report of the viewers in 1883, and the order directing the improvement to be made, with all proceedings subsequently had thereon.

In that motion it was charged that fraud was practiced in procuring signers to the original petition; that but one of the

viewers appointed signed the report, participated in the view,. and in making the report; that a large amount of land was omitted from the report that would be benefited by the improvement; that the order for the improvement was insufficient, and made without authority, because the petition had not been signed, as required by section 5095 of the statute,. by a majority of the resident land-owners whose lands were reported as likely to be benefited by the improvement, and by the owners of a majority of the whole number of acres of land that would likely be so benefited; and that the board had taken no action in the matter from the September session in 1883, until the September session in 1885. On motion of appellees, some of the original petitioners, appellants' above motion was struck out and rejected by the board. At once, and before the board had confirmed or acted upon the report of the committee, or taken any further action in the matter, appellants appealed to the circuit court. In that court appellees again moved the court to strike out and reject appellants' motion. The court sustained the motion, and " dismissed the cause," at appellants' costs.

Without entering upon the merits of the case, we may say, that appellants' motion charges very serious irregularities and defects in the proceedings before the board. Whether enough is charged and shown by the record filed with the motion, to render the whole proceeding void, is a question we do not now decide, because, as we have been constrained to hold, it is not before us.

The final order by the county board, in a proceeding of this character under the statute, is the order confirming the assessments of benefits made by the committee, appointed as required by section 5096 of the statute. *Gavin* v. *Board,. etc.,* 104 Ind. 201; *Kirkpatrick* v. *Pearce,* 107 Ind. 521. See, also, *Scott* v. *Board, etc.,* 101 Ind. 42.

That is the order that fixes the assessments, from which the means to construct the road are to be derived, and makes them liens upon the lands assessed. Until that order is made,.

the assessments made by the committee are not liens upon the lands, nor otherwise binding upon any one, and the road can not be constructed.

The board may accept and confirm the assessments made by the committee, or they may not. Under section 5096 they have authority, upon exceptions filed, to change the assessments, or refer the same to a new committee.

At the time appellants filed their motion, it could not be known that the board would confirm the report of the committee, assessing benefits, nor does the record before us show that that report has ever been confirmed. Appellants had the undoubted right to file exceptions to the report, and demand a change in the assessments, or a new assessment by a new committee. Possibly, if they had done so, their lands might have been relieved of all assessments. Had they filed such exceptions, and assessments against their lands had been confirmed, clearly they would have had a. right to appeal from the order of confirmation, because it would have been the final order disposing of the whole matter before the board. If, then, they may appeal from the order of the board striking out and rejecting their motion, they may have two appeals in the same proceeding, subsequent to the report of the committee. This, we think, would be unreasonable, and not within the provisions of the statute allowing appeals from commissioners' courts. The action of the board in rejecting the motion was not a final decision in the matter pending before the board, nor such a decision as might be appealed from. Appellants' motion was in the nature of a pleading in a case.

The striking out of a pleading is not such a decision in a case as may be appealed from. Clearly, the striking out of the motion in this case is no more a decision that may be appealed from than an order of the board appointing viewers in a highway case. In such a case it has been held, as stated in the syllabus in the case of *Freshour* v. *Logansport, etc., T. P. Co.*, 104 Ind. 463, that "An appeal to the circuit court will not lie from an order of the county commissioners ap-

pointing viewers to report upon the public utility of a proposed highway, and when taken it should be dismissed summarily. A proceeding for the location of a highway remains under the jurisdiction of the county commissioners until by some order or decision it is substantially ended." So, in this case, it may be said that the circuit court might have summarily dismissed the appeal.

Appellees did not move a dismissal of the appeal, in the circuit court, but the sustaining of their motion amounted, practically, to the same thing.

In law and in fact, the ruling and judgment of the court were, in effect, a dismissal of the appeal, and thus a right result was reached. *Logan* v. *Kiser*, 25 Ind. 393.

It results from the foregoing, that the judgment of the court below must be affirmed.

Judgment affirmed, with costs.

Filed Oct. 6, 1886; petition for a rehearing overruled Dec. 15, 1886.