Tomlinson *et al. v.* Peters *et al.*

No. 14,676.

TOMLINSON ET AL. *v.* PETERS ET AL.

APPEAL.—*County Commissioners.—Gravel Road Proceedings.—Final Order.—*
An appeal will not lie from an order of the board of county commissioners for the construction of a free gravel road, and appointing a committee to apportion the costs of construction upon the lands benefited; an appeal lies only from the final order confirming the report of the committee.

From the Jay Circuit Court.

*D. T. Taylor, R. H. Hartford* and *W. H. Williamson,* for appellants.

*J. W. Headington, J. F. LaFollette, H. N. Headington* and *J. J. M. LaFollette,* for appellees.

OLDS, J.—On the 27th day of February, 1882, the appellants, and others, filed in the auditor's office of Jay county, Indiana, a petition for a free gravel road in said county, described therein, and at the same time they filed a bond conditioned for the payment of the costs occasioned thereby, in case the improvement asked for should not be ordered by the board of commissioners. The bond was approved by the auditor of said county on March 2d, 1882. No action was taken by the board of commissioners until September, 1886, when a view and survey were ordered, and viewers and an engineer were appointed by the board to make the necessary view and survey. Various steps were taken, additional petitions were filed, and petitioners asked that their names and land owned by them be counted in favor of the road, and others withdrew from the petition; and after these various steps had been taken in the case, on the 22d day of December, 1886, the board of commissioners made a finding that the papers were regular, and that the petition was signed by a majority of the resident land owners whose lands were reported as

benefited and ought to be assessed, and also by those own-ing a majority of all the acres of land reported as benefited and ought to be assessed; and, also, that the improvement would be of public utility, and made an order that the road be constructed, and appointed a committee of three persons to apportion the costs of construction. From this order of the board of commissioners an appeal was taken in this cause to the circuit court. A motion was made by the ap-pellants, in the circuit court, to dismiss the appeal, which motion was overruled, and the ruling excepted to by the appellants and the exception properly reserved by bill of ex-ceptions; and the ruling is assigned as error.

The question presented by the ruling is as to whether or not an appeal will lie from this order of the board of com-missioners. If it will not, then the motion should have been sustained, and the appeal dismissed. The statute evi-dently does not contemplate more than one appeal in any case, and that must be from the final decision and judgment in the case. The proceedings remain under the jurisdiction of the board of commissioners, and they have power to change or annul any order made by them until a decision is made substantially ending and terminating the proceedings before the board. *Freshour* v. *Logansport, etc., Turnpike Co.*, 104 Ind. 463.

In the proceedings for the construction of gravel roads, the commissioners order the construction of the road, but the road cannot be constructed without the further final ac-tion and decision of the board confirming the report of the three freeholders appointed to estimate the expense of the im-provement upon the real property, which shall, when so ap-proved and spread upon the record, be a lien on the real property; and until such order and decision is made by the board, the proceedings remain under the jurisdiction of said board of commissioners, and an appeal only lies from such final order. This construction of the statute is sustained by

the case of *Neptune* v. *Taylor*, 108 Ind. 459, and authorities cited in that case, and *McKee* v. *Gould*, 108 Ind. 107.

It follows, therefore, that the court erred in overruling the motion to dismiss the appeal.

There are other errors assigned, but as the decision of this question disposes of the case it is unnecessary to pass upon them.

Judgment reversed, at costs of appellees, with instructions to the court below to sustain the motion to dismiss the appeal.

Filed June 8, 1889; petition for a rehearing overruled Nov. 8, 1889.