# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1890, IN THE SEVENTY-
FIFTH YEAR OF THE STATE.

---

No. 14,557.

DONALSON *v.* LAWSON ET AL.

DRAINAGE. — *Proceedings to Establish Ditch.* — *Informalities in.*— *Collateral
Attack.*—Proceedings before the board of county commissioners, though
informal in some respects, are valid as against a collateral attack.

SAME.—*Appeal from Board of Commissioners.*—*Effect of.*—Where, pending
proceedings before the board of county commissioners to establish a
ditch, an appeal was taken to the circuit court from the decision of the
board in striking out an application to certify the case to the U. S. Cir-
cuit Court, and the appeal was dismissed, the appeal being unauthor-
ized did not affect the jurisdiction of the board.

From the White Circuit Court.

*A. W. Reynolds* and *E. B. Sellers*, for appellant.

*T. F. Palmer* and *A. K. Sills*, for appellees.

OLDS, C. J.—The appellant is the owner of certain real
estate in White county, which was assessed for the construc-
(169)

tion of a ditch established by the board of commissioners of said White county. At the time the ditch was petitioned for and established, in 1880, one George Sturges, a resident of the State of Ohio, was the owner of the land now owned by appellant. Sturges sold and conveyed the land to one Buckingham, and Buckingham sold and conveyed the same to the appellant in July, 1886. The portion of the ditch set off and apportioned to Sturges, the then owner of the land, for construction, was by the auditor of the county let to the appellee Lawson for construction, and when constructed the auditor issued to him a certificate for the amount due him, $854.91, and entered the same upon the tax duplicate, and it is alleged the appellee Breckenridge, treasurer of said county, is threatening to collect the same, and that appellant has paid all the taxes on said land other than said amount, and this suit is for the cancellation of such assessment, on the grounds that the proceedings before the board of commissioners are void for certain irregularities alleged in the complaint.

Issues were joined and trial had before the court without a jury, resulting in a finding and judgment for the appellees. Appellant filed a motion for a new trial, which was overruled, and exceptions reserved, and error assigned in overruling the motion for a new trial.

The reversal of the judgment is asked, on the ground that the finding of the court is not sustained by the evidence, for the reason that the proceedings before the board of commissioners are illegal and void.

We do not deem it necessary to set out and consider each objection made to this record, as no new questions are presented. The proceedings, while in some respects informal, are not void, and are valid as against a collateral attack. *Prezinger* v. *Harness*, 114 Ind. 491; *Montgomery* v. *Wasem*, 116 Ind. 343; *City of Elkhart* v. *Wickwire*, 121 Ind. 331.

During the pendency of the proceedings before the board of commissioners the National Park Bank appeared and

Donalson v. Lawson *et al.*

made application for the removal of the cause to the United States Circuit Court. The petitioner appeared by counsel, and moved to strike the application from the files, which motion was sustained, and from the decision of the board in dismissing and striking from the files this application, the bank took an appeal, and in the circuit court there was a dismissal, and it is contended that this appeal transferred the whole case to the circuit court, to be tried *de novo*.

We have no doubt if an appeal authorized by law from the final order in the case had been taken, and afterwards a dismissal of the cause in the circuit court, this would end the jurisdiction of the board of commissioners as to the party appealing; but no appeal authorized by law was taken in this case. The appeal being from the decision in striking out the application to certify the case to the United States Court, and not from the final order of the board in the cause, it was unauthorized, and did not vacate the proceedings before the board, nor did it give the circuit court jurisdiction to try the case *de novo*. By such appeal the cause was not in the circuit court, and hence the jurisdiction of the board of commissioners was not affected, at least not as relates to parties other than the bank, who appealed. *Freshour* v. *Logansport, etc., T. P. Co.*, 104 Ind. 463; *Tomlinson* v. *Peters*, 120 Ind. 237; *Neptune* v. *Taylor*, 108 Ind. 459.

The finding is sustained by the evidence.

Judgment affirmed, with costs.

Filed Nov. 24, 1890.