No. 16,850.

The Indiana Improvement Company v. Wagner
ET AL.

Appeal.—*Incorporated Town.*—*Proceedings to Incorporate.*—*County Commissioners.*—*Order of Election an Interlocutory One.*—In a proceeding to incorporate a town, an appeal will not lie from an order of the board of commissioners that an election be held by the inhabitants of the territory in question, to determine whether the town should be incorporated, as the order is not a final one, but still leaves the case pending in the commissioners' court.

From the Steuben Circuit Court.

*T. S. Wickwire, J. E. Rose* and *J. H. Rose,* for appellant.

*W. M. Brown, J. A. Woodhull* and *N. W. Gilbert,* for appellees.

Howard, J.—On the 5th day of September, 1892, at a regular session of the board of county commissioners of Steuben county, Indiana, the appellees filed a petition for the incorporation of the town of Hudson, embracing certain territory in said county described in said petition. At the same time were filed a map of the territory sought to be incorporated, a census of the inhabitants, notice, and proof of notice of filing the petition.

At the same time, the appellant, by its attorneys, appeared specially, and moved to quash the proceedings for lack of notice and other reasons given in the motion, claiming that appellant was the owner of an interest in a part of the lands sought to be incorporated.

Appellant's motion was overruled, and the board made a finding showing the regularity of all the steps taken by the petitioners, and thereupon entered the following order:

"It is ordered that said territory be incorporated as a

town,·to be known as the town of Hudson, if the qualified voters thereof assent thereto; and it is further ordered that an election be held at the hall of the Grand Army of the Republic, within said territory, between the hours of 8 o'clock A. M. and 6 o'clock P. M., on the 4th day of October, 1892, of the qualified voters thereof, for the purpose of determining whether said territory shall be incorporated as a town, notice of which election shall be given by the county auditor, by ten days' publication in the 'Hudson World,' a weekly newspaper published in said territory."

From this order the appellant appealed to the Steuben Circuit Court, where, on motion of the appellees, the appeal was dismissed. This ruling of the court is the only error assigned.

There was formerly some conflict in our decisions as to whether an appeal would lie from an order of a board of county commissioners incorporating, or refusing to incorporate a town. But in the case of *Grusenmeyer* v. *City of Logansport*, 76 Ind. 549, that question was set at rest, and it is no longer a matter of doubt that such appeal does lie.

But appellees say that the order appealed from in this case is not a final order, and that, therefore, no appeal lies.

The order made by the commissioners was, in effect, that an election should be held by the inhabitants of the territory in question, to determine whether the town should be incorporated. The statute, section 3301, R. S. 1881, provides, further, that such election shall be reported to the "Board of commissioners at their next session; who, if satisfied of the legality of such election, shall make an order declaring that said town has been incorporated by the name adopted; which order shall be

conclusive of such incorporation in all suits by or against such corporation.''

It appears, therefore, that the board still has jurisdiction of the matter until this last order is made. The section of the statute last quoted expressly provides that before declaring that the town has been incorporated, the board shall be satisfied of the legality of the election held for that purpose; the board, therefore, has yet a final judgment to render before the matter passes from its jurisdiction. It is possible that the board may conclude that such incorporation has not taken place.

As a general rule appeals will lie only from final judgments. The rule restricting appeals to cases where a final judgment has been rendered is necessary to prevent the division of a case into parts, and to prevent a multiplicity of actions. Cases must be decided as an entirety, and by one tribunal. Elliott's App. Proced., section 80, and following sections. This authority, section 85, says that the test to determine whether an order is one from which an appeal will lie, is ''whether it puts an end to the particular case as to all the parties and all the issues.''

Applying this test to the order in this case, from which the appeal was taken, it will appear that the appeal did not lie; that order did not put an end to the case either as to the parties or the issues; it was a mere interlocutory order, leaving the main question still for the decision of the board. It is true that if this order were in fact erroneous, this might be ground for appealing finally from the decision of the board, but it could not itself be appealed from while the board still retained jurisdiction over the matters in issue.

While section 5772, R. S. 1881, provides that an appeal to the circuit court will lie from any decision of the board of county commissioners, yet this decision must

The Indiana Improvement Company *v.* Wagner *et al.*

be one final in its nature. *hanna* v. *Board, etc.*, 29 Ind. 170; *Freshour* v. *Logansport, etc., Turnpike Co.*, 104 Ind. 463. In the latter case the court says: "A proceeding for the location of a highway remains within, and subject to, the jurisdiction of the board of commissioners, until by some order or decision made by such board, the proceeding is substantially ended." See, also, *McKee* v. *Gould*, 108 Ind. 107; *Neptune* v. *Taylor*; 108 Ind. 459; *Tomlinson* v. *Peters*, 120 Ind. 237; *Donalson* v. *Lawson*, 126 Ind. 169.

In *State, ex rel.,* v. *Arnold*, 38 Ind. 41, all the steps taken in this case for the incorporation of a town were taken, and, in addition, the election was held, but no report of the election was made to the board of county commissioners, and this court accordingly held that the town was not incorporated.

We think that the order of the board of commissioners from which the appeal was taken in this case was not a final order, nor one from which an appeal could properly be taken, and therefore that the circuit court did not err in dismissing such appeal.

The judgment is affirmed.

Filed June 16, 1893.