# CHARLESTON.

WHEELING BRIDGE & TERMINAL R'Y CO. *v.* WHEELING STEEL & IRON CO.

Submitted January 31, 1896—Decided March 25, 1896.

APPEAL—CONDEMNATION PROCEEDINGS—INTERLOCUTORY ORDER.
   In a proceeding under chapter 42 of the Code to condemn land for the purposes of a railroad company, the court makes an order that the applicant has the lawful right to take the land in question for the purposes stated in the application upon the payment of just compensation, and appoints commissioners to ascertain such compensation. To this order the owner of the land obtains a writ of error with *supersedeas.* Held, such order is not final, but interlocutory; that there is no statute expressly authorizing such a writ to such order, and the same will be dimissed as improvidently allowed.

CALDWELL & CALDWELL for plaintiff in error, cited the following authorities in favor of the proposition that a writ of error could be granted in such a case as this to an interlocutory order or judgment, 4 Min. Inst. (1st Ed.) pt. 1, 859; 17 W. Va. 812, syl. pt. 10; 27 Gratt. 918, 919; 31 W.

Va. 710; Code, c. 135, s. 1; Code, 1860, c. 182, s. 1; 34 W. Va. 162; 11 Sup. Ct. Rep. 301; 35 W. Va. 206.

ERSKINE & ALLISON for defendant in error, cited 17 W. Va. 812, 813, syl. pt. 16; 31 W. Va. 710, 718, 735; 5 W. Va. 118; 35 W. Va. 205, 209; Code, c. 42, ss. 5, 6, 18; Id. c. 54, ss. 72, 73; Lewis, Em. Dom. § 383; 33 W. Va. 262; Mor. Priv. Corp. § 932; 83 N. C. 489-91; 104 U. S. 126, 135; 106 U. S. 286; 26 S. W. Rep. 166; 33 Gratt. 586; 91 Cal. 449; 63 N. W. Rep. 1035; Rand. Em. Dom. § 46; 7 W. Va. 301, 304; 21 N. E. Rep. 577; 105 Ill. 388; 54 Ill. 373; 147 Mass. 609; 26 L. R. A. 751, 763, note; 17 W. Va. 856.

JOHN A. HUTCHINSON for defendant in error, cited 23 W. Va. 203; Code, c. 42, ss. 2, 5; 16 Wall. 678, 694-5; 23 Wall. 108; 17 W. Va. 812; 21 W. Va. 534; Code, c. 53, s. 59; 3 Woods, 316; 2 Dill. 448; 36 Fed. Rep. 48; Code, c. 54, ss. 53, 69.

HOLT, PRESIDENT :

On the 18th day of January, 1895, the Wheeling Bridge & Terminal Railway Company presented its petition to the Circuit Court of Marshall county for the taking by condemnation, under chapter 42 of the Code, for the purposes of its road, of certain real estate in the city of Benwood, belonging to the defendant, the Wheeling Steel & Iron Company.

The Wheeling Steel & Iron Company appeared, and filed an answer resisting such condemnation, and the court, by order entered on the 13th day of July, 1895, found that the Wheeling Railway Company had lawful right in this proceeding to take and acquire title, upon payment of just compensation, to that portion of the parcel of land in plaintiff's petiton mentioned for the purposes of its railroad as therein stated, and commissioners to ascertain what would be a just compensation were duly selected and appointed; and from such order this writ of error was allowed.

The point is made that this order is interlocutory, that no statute allows the writ in such case, and therefore it should be dismissed as improvidently allowed.

We think the point well taken. The proceeding is one

and indivisible; the order deciding that the applicant has lawful right, in this proceeding, to take and acquire title to the land in question upon just compensation therefor, and appointing commissioners to ascertain the same, is not final, but interlocutory, and no appeal therefrom is express- ly given by the statute.

If there had been no writ of error, the next step in this one continuous proceeding, the commissioners having, un- der section 14, ascertained what would be a just compen- sation, and, under section 15, the report being returned and filed, it would, under section 17, be ready for exceptions, and either party could demand a jury of twelve freehold- ers to ascertain the compensation. If such jury had been demanded, and a verdict found, and the court, on motion of either party, had made an order granting a new trial, this being a civil case, then, under the ninth clause of sec- tion 1 of chapter 135, an appeal might have been taken from the order without waiting for the new trial to be had; but no order staying the further proceedings of the appli- cant could be had except in pursuance of section 20 of chapter 42. Here an appeal to an interlocutory order is expressly given as exceptional, and thus tending to show the general rule. Supposing the amount of compensation to be determined, the next step is to confirm the report, and order it to be recorded in the common-law order book. Then, upon the payment to the party or into court, the land would be absolutely vested in the applicant. Now, we have reached a final judgment, such as was held to be appealable in the case of *B. & O. R. Co.* v. *P. W. & K. R. Co.*, 17 W. Va. 812; *Railroad Co.* v. *Pack*, 6 W. Va. 397.

The writ of error can be brought only on a final order or judgment. See 3 Bac. Abr. p. 325, and authorities cited; 1 Freem. Judgm. § 16 *et seq.;* 1 Am. & Eng. Enc. Law, 617. It is a process of common-law origin, and is the appropri- ate remedy to bring up final judgments of courts of record following the course of the common-law, or of new tribu- nals unknown to the common-law, but following their procedure. 1 Am. Enc. Pl. & Prac. 26. The writ is in use in this state, and is the proper method of appeal (in the generic sense) in this class of cases, and such seems to be

the import of the language of the writ. The statute must be construed with reference to this common-law principle, although it is now regarded as wholly statutory, the reason of which seems to be to prevent the division of the case into parts by fragmentary appeals. *Telegraph Co.* v. *Locke*, 107 Ind. 9 (7 N. E. 579). This is necessary to the decision of the case as an entirety, and to put an end to litigation by one decision finally terminating the controversy. Elliott, App. Proc. §§ 80, 149. Hence, although the statute is liberally construed in order to sustain an appeal to a final judgment, yet when it allows an appeal or writ of error in a given case it is taken to mean a final decree, judgment, or order, and not an interlocutory judgment or order, unless it be given in express terms, or by necessary implication. 1 Am. Enc. Pl. & Prac. 52.

The order appointing commissioners is not a final one, and not appealable, unless by express provision of the statute. Lewis, Em. Dom. § 551, citing *Williams* v. *Railroad Co.*, 13 Conn. 110; *Freshour* v. *Turnpike Co.*, 104 Ind. 463 (4 N. E. 157); *Commissioners* v. *Cook*, 86 N. C. 18. Our statute, properly read and construed, contains no such provision. It is chapter 135 of the Code (Ed. 1891, p. 848). Section 1 reads as follows: "A party to a controversy in any circuit court may obtain from the Supreme Court of Appeals or a judge thereof in vacation an appeal from or writ of error or *supersedeas* to a judgment, decree or order of such circuit court in the following cases: First, in civil cases, where the matter in controversy exclusive of cost is of greater value or amount than one hundred dollars wherein there is a final judgment, decree or order. Second, in controversies concerning the title or boundaries of land, the probate of a will, or the appointment of a personal representative, guardian, committee or curator. Third, concerning a mill, road way, ferry or landing."

When an action of ejectment is brought where the controversy concerns the title or boundaries of land, it has never been contended that a writ of error can be taken to any but a final judgment, except where there is an order granting a new trial; and this is by virtue of the ninth clause, which expressly gives the appeal from such inter-

locutory judgment or order, and none other is expressly given.

The case now in hand may fall within the first clause, because it is a civil case in which the matter in controversy may be of greater value than one hundred dollars. It is not confined to mere money demands for any given amount, but it embraces controversies concerning other things, where the value is greater than one hundred dollars. But that is no reason why it may not also fall within the third clause, as one concerning a road or way. Both terms are generic, and in a case involving somewhat the same question as to the comprehensiveness of meaning of the word it was held to be generic comprehending a turnpike road. *Hill* v. *Turnpike Co.*, 1 Rob. (Va.) 263; Revisor's Report of Code of 1849, page 885, note. If it also falls under clause 3, then this Court has jurisdiction, no matter what the value the matter in controversy may be. Under the first clause it is expressly limited to a final judgment. Under the third clause it is not given expressly or by any necessary implication to an interlocutory judgment or order, but in the ninth clause it is expressly given to the interlocutory judgment if a new trial is granted. For a discussion of the general subject, see *Canal Co.* v. *Hoye*, 2 Gratt. 514; *Miller* v. *Navigation Co.*, 32 W. Va. 46, 52 (9 S. E. 57). Upon the subject of fragmentary appeals, see *McCall* v. *Peachy*, (1798) 1 Call, side pages 56, 59; *Wood* v. *Harmison* (1895) 41 W. Va. 376 (23 S. E. 560).

The case of *Pack* v. *Railroad Co.*, 5 W. Va. 118, was decided in 1872, under the Constitution of 1863 and the Code of 1868. See Const. 1863, Art. VI, s. 8, Code 1868, p. 30; Id. p. 639, c. 135, s. 1—where the first clause is as follows: First, from a final judgment or decree concerning the title or boundaries of land; or, second, concerning the probate of a will, *etc.;* or third, concerning a mill, road way, ferry or landing; or, ninth, in any case where there is an order granting a new trial, *etc.*, as in the present statute. The cause had so far proceeded that the commissioners had been appointed, had ascertained the compensation, had reported, and the compensation ascertained had been paid into court, when the landowner appeared and moved to set aside the

original order appointing commissioners. The court over-
ruled the motion, and the landowner appealed. It was
held that the court not having acted on the report, there
was no final judgment, and therefore the appeal was not
properly taken. The Court cited as authority the case of
*Trevilian* v. *Railroad Co.*, 3 Gratt. 326, where Baldwin, J.,
delivering the opinion of the court, says: "It seems to the
court that the circuit superior court had no jurisdiction to
revise the order of the county court; the same not being
final, but interlocutory only. It would seem to have been
governed by section 30 of chapter 11 of the act passed
April 16, 1831." See Acts 1831, p. 50. In *Hancock* v.
*Railroad Co.*, 3 Gratt. 328, the court says, where the order
of the county court is interlocutory, and not final, it can
not be revised by the circuit court in any mode of proceed-
ing. See comment of Moncure, J., on these two cases in
*Jeter* v. *Board*, 27 Gratt. 910, 918. See, also, *Tucker* v.
*Sandridge*, 82 Va. 532; *Ludlow* v. *City of Norfolk* 87 Va.
319 (12 S. E. 612); *Postal Tel. Cable Co.* v. *Norfolk & W. R.
Co.*, 87 Va. 349 (12 S. E. 613); 4 Minor. Inst. pt. 1, p. 1065.

The case of *Pittsburg, W. & K. R. Co.* v. *Benwood Iron
Works*, 31 W. Va. 710 (8 S. E. 453) had reached the stage
when the writ of error was allowed that this case has
reached. There was no motion to dismiss appeal as im-
providently allowed, nor was the question discussed or con-
sidered by the Court, though discussed in the brief of one
of the counsel, conceding the order to be not final, but in-
terlocutory, and made appealable expressly by the statute.
When the case reached the supreme court of the United
States on appeal, the question was raised by motion to dis-
miss appeal as improvidently awarded. It was met with
the answer: "If the supreme court of a state holds a judg-
ment of an inferior court of the state to be final, we can
hardly consider it in any other light in exercising our ap-
pellate jurisdiction." *Wheeling & B. Bridge Co.* v. *Wheeling
Bridge Co.*, 11 Sup. Ct. 301. To have dismissed the appeal,
leaving the final judgment of the state court to stand un-
disturbed, would have been, in effect, a denial of the right
of appeal. In the case of *Wheeling Bridge & T. Ry. Co.* v.
*Camden Con. Oil Co.*, 35 W. Va. 206 (13 S. E. 369) the

same question was involved, but was not in any way raised by the counsel or considered by the Court. This disposition of both parties to silently disregard the ruling in the *Pack Case*, 5 W. Va. 118, would seem to indicate that it is generally regarded as convenient to both parties to appeal at this stage, which determines the question of public utility, and in a certain degree the judicial question of the right to take. See *Pittsburg, W. & K. R. Co.* v. *Benwood Iron Works*, 31 W. Va. 710, 718 (8 S. E. 453).

If the court in the case in hand had set aside the verdict of the jury, and awarded a new trial, the losing party on the motion could have been granted a writ of error, and with stay of proceedings by *supersedeas*, because the ninth clause of section 1 of chapter 135 expressly gives the appeal from such interlocutory orders. In such case it would tend to expedite the proceedings. In other respects it would be requiring the appellate court to decide a mere preliminary question of law in advance of what might turn out to be the controlling facts of the case, and to make a decision for any practical purpose utterly futile; for I take it for granted that until the commissioners make return, and file a report ascertaining what will be a just compensation for the land proposed to be taken, as provided in sections 14 and 15 of chapter 42, it remains in the power of the applicant to repudiate the whole proceeding (*Railroad Co.* v. *Nesbit*, 10 How. 395, 399) or to discontinue it, *Railroad Co.* v. *Bradford*, 6 W. Va. 220, 234, 237.

But the serious objection to this fragmentary appeal not expressly allowed by law is that it contravenes the obvious legislative intent to free such proceedings from delay, and from being thwarted or stayed by order of *supersedeas* or injunction, unless it is manifest that the applicant is insolvent, or that he or his officers, agents, or servants are transcending their authority, or that such interposition is necessary to prevent injury which can not be adequately compensated in damages; thus rendering nugatory the very important section, No. 20 of chapter 42, which however harsh, apparently has been found to be of supreme importance, indispensable almost in a certain class of cases in advancing the policy of the state in regard to such public improvements. See 2 Bart. Law Prac. 1295.

At the fall term, 1895, in the case of *Railway* Co. v. *Mc-Kell*, a writ of error was allowed to an order made in the same stage of the proceeding as the order appealed from in this case. Appellee moved to dismiss the writ as improvidently allowed, and on full discussion by counsel, and careful consideration by the Court, the conclusion was reached that the decision of the point in *Pack* v. *Railroad Co.*, 5 W. Va. 118, was right, and the motion to dismiss was sustained.

For the reasons given, the motion to dismiss the writ of error in this case as improvidently allowed is also sustained.