# WHEELING.

53   539
062  306

WHEELING AND ELM GROVE R. R. CO. *v.* ATKINSON AND
OTHERS.

Submitted February 11, 1903.   Decided June 6, 1903.

1. SYLLABUS APPROVED.
     The *syllabi* in the cases of *Pack* v. *Railroad Co.*, 5 W. Va.
     118 and *Bridge and Terminal Co.* v. *Steel and Iron Co.*, 41
     W. Va. 747, approved.   (p. 542).

Appeal from Circuit Court, Ohio County.

Petition by Wheeling and Elm Grove Railroad against Da-
vid T. Atkinson *et al.*   Judgment for plaintiff, and defendants
appeal.

*Writ Dismissed.*

HENRY M. RUSSELL, for plaintiff.

HUBBARD & HUBBARD, for defendants.

MCWHORTER, PRESIDENT:

On the 17th of April, 1902, the Wheeling and Elm Grove Rail-
road Co. served notice upon David T. Atkinson, Elizabeth Atkin-
son, William Erskine, trustee, and Elizabeth S. Yates, that on
Saturday the 3rd day of May, 1902, it would file its petition in
the circuit court of Ohio County for the appointment of commis-
sioners to ascertain a just compensation to the said defendants
as the owners thereof, for a certain strip of real estate situate
in the district of Liberty of said county and to have such other
proceedings by the said court as might be necessary to vest
in said railroad company the title in fee simple, to said strip
of land to be used by it for its railroad purposes and for pub-
lic use under the provisions of the statutes relating thereto,
and describing the said real estate proposed to be taken.   On
the 3rd of May, the applicant filed its petition accordingly;
"and it appearing that the case is one in which the said peti-
tioner has lawful right to take private property for the pur-
poses stated in the application," and the court proceeded to ap-
point commissioners "to ascertain what will be a just compensa-
tion to the persons entitled thereto for the strip of land de-

scribed in the said petition and proposed to be taken. There being no appearance on behalf of the said defendants the commissioners have been selected by the court in the manner provided for in section 11, chapter 42 of the Code of the State." On the 14th of 'May, same month, the parties appeared and the defendants tendered three special pleas in writing, numbered 1, 2 and 3. The petitioner by its attorney objected to these pleas, which objections being argued were taken under advice of the court, the defendants thereupon moved the court to set aside the *ex parte* appointment of commissioners theretofore made, which was overruled by the court and defendants excepted to such ruling, and. the defendants then moved that the commissioners be stayed from proceeding to act under said appointment until the questions arising on said pleas should be disposed of,. which motion was also overruled and defendants excepted thereto. On the 15th day of May, 1902, the commissioners qualified and proceeded to perform the services for which they were appointed and filed their report with the clerk of the court on the 20th day of May. On the 22nd day of May the court sustained the objections to plea No. 1 and plea No. 2 and refused to allow the same to be filed, to which ruling the defendants excepted and the court overruled the objections to pleas No. 3, and the same was filed and to which petitioner replied generally and the trial of the issue thereon was continued to another day. The defendants objected to the filing of the report, which objection was overruled and defendants excepted; the defendants also filed exceptions to the report and demanded that the compensation to be paid be ascertained by a jury, which motion was granted and the matters arising thereon continued to another day. Petitioner then asked leave to pay into court the sum of $200.10, the sum ascertained by said report with legal interest until the day of payment. Defendants objected to the payment and to any action upon said report on the ground that the petitioner ought not to be permitted to take possession of their property upon the payment of such a sum into court or otherwise until the issue upon said special plea No. 3 should be determined in favor of petitioner. The court overruled the objection and the defendant excepted. The petitioner then paid the said sum into court and it was ascertained by the court that the petitioner

might, notwithstanding the pendency of further proceedings, enter upon, take and use for the purpose specified in the application, the land described in the petition and proposed to be so taken, to which ruling the defendants excepted. Defendants obtained a writ of error and *supersedeas*.

The first question arising in this case is whether the order to which the defendants take their writ is a final order or is it an interlocutory order to which a writ of error will not lie? The defendants rely upon *Bridge Co.* v. *Bridge Co.*, 34 W. Va. 155, as holding that the order appointing commissioners is final, and cite the same case in 138 U. S. 287, where it is said: "The judgment appears to have been considered by the court (meaning the Supreme Court of this State) so far final as to justify an appeal from it, and if the supreme court of a State holds the judgment of an inferior court of a State to be final, we can hardly consider it in another light in exercising our appellate jurisdiction." It appears from the opinion of the Supreme Court of the United States very clearly that that court did not as an independent proposition regard it as a final judgment, but this Court, having entertained the writ of error treated it as such for the purposes of the case while in fact the question never was raised in this Court; and in *Luxton* v. *North River Bridge Co.*, 147 U. S. 337, it is held, that an order of the Circuit Court of the United States appointing commissioners to assess damages for land taken by the Bridge Co. in N. J., is not a final judgment upon which a writ of error will lie. The last case cited distinguishes it from the *Bridge Co. Case* in 138 U. S., in that, it based its decision on the last mentioned case, 138 U. S. "To have held otherwise might have wholly defeated the appellate jurisdiction of this court under the constitution and laws of the United States; for if the highest court of the State held the order appointing commissioners to be final and conclusive, unless appealed from the validity of the condemnation not to be open on a subsequent appeal from the award of damages it is difficult to see how this court could have reached the question of the validity of the condemnation except by writ of error to the order appointing commissioners. That case therefore affords no precedent of reason for sustaining this writ of error to the Circuit Court of the United States," and the writ of error

was dismissed for want of jurisdiction. In *Postal Telegraph Cable Co.* v. *Railroad Co.,* 87 Va. 349, it is held: "Judgment obtained by telegraph company appointing commissioners to fix a just compensation for land of railroad company, proposed to be taken for the purpose of the former, in condemnation proceedings, is not final and appealable." And the same is held in *Ludlow* v. *City of Norfolk,* same volume, 319. In the case of *Pack* v. *Railroad Co.,* 5 W. Va. 118, it is held that proceedings under the statute for taking lands for the use of internal improvement companies is not a chancery but a law proceeding and no appeal can be taken from an interlocutory order therein, and in syllabus, point 2, it is held: "Upon the coming in of a report of commissioners, which fact is entered of record, and the payment into court of the sum fixed as just compensation to land owners, the defendants, the land owners, move to set aside the original order appointing commissioners, which motion is overruled, and from this they appeal; and it is held, that the court not having acted upon the report, there is no final judgment, and therefore the appeal cannot properly be taken." Defendant's counsel contend that at the time of the decision of that case there was no such constitutional provision as now exists. The question is well settled by this Court in a later case and long since the adoption of our present Constitution, where the question is very fully discussed by JUDGE HOLT, who wrote the opinion of the Court, and which case does not seem to have been cited by counsel although it decides this case. I refer to the case of *Bridge and Terminal Co.* v. *Steel and Iron Co.,* 41 W. Va. 747. The the syllabus reads as follows: "In a proceeding under chapter 42 of the Code to condemn land for the purposes of a railroad company, the court makes an order that the applicant has the lawful right to take the land in question for the purposes stated in the application upon the payment of just compensation, and appoints commissioners to ascertain such compensation. To this order the owner of the land obtains a writ of error with *supersedeas.* *Held:* such order is not final, but interlocutory; that there is no statute expressly authorizing such a writ to such order, and the same will be dismissed as improvidently allowed." In discussing the case JUDGE HOLT says: "At the fall term, 1895, in the case of *Railway Co.* v. *McKell,* a writ of error was allowed to an order made

in the same stage of the proceedings as the order appealed from in this case.    Appellee moved to dismiss the writ as improvidently allowed, and on full discussion by the counsel, a careful consideration by the Court, the conclusion was reached that the decision of the point in *Pack* v. *Railroad Co.,* 5 W. Va. 118, was right, and the motion to dismiss was sustained."

For the reasons here given the writ of error in this case must be dismissed as improvidently awarded.

*Writ Dismissed.*