## Sinking Spring Water Co. *v.* Gring, Appellant.

*Practice, Supreme Court—Petition for appointment of viewers— Exceptions—Dismissal—Appeal—Interlocutory order.*

1. No judgment or decree is final that does not terminate the litigation between the parties to the suit.

2. A decree dismissing exceptions to a petition for the appointment of viewers to assess damages sustained by taking of property by a water company under its power of eminent domain is not final and an appeal therefrom will be quashed.

Argued Feb. 27, 1917.   Appeal, No. 344, Jan. T., 1916, by defendant, from decree of C. P. Berks Co., April T., 1916, No. 18, dismissing exceptions to petition for appointment of viewers in the case of Sinking Spring Water Company v. Catharine Gring.   Before BROWN, C. J., MESTREZAT, STEWART, MOSCHZISKER and FRAZER, JJ. Appeal quashed.

Exceptions to petition for the appointment of viewers. Before ENDLICH, P. J.

1917.]     Assignment of Error—Opinion of the Court.

The opinion of the Supreme Court states the case.

The court dismissed the exceptions.   Catharine Gring appealed.

*Error assigned* was in dismissing the exceptions.

*Cyrus G. Derr,* for appellant.

*Edgar S. Richardson,* for appellee, was not heard.

PER CURIAM, March 23, 1917:

This appeal is from the dismissal of exceptions to the petition of the appellee for the appointment of viewers to assess the damages, if any, sustained by the appellant in its taking her property in the exercise of an alleged right of eminent domain.   The action of the court below is clearly not a final decree.   No judgment or decree is final that does not terminate the litigation between the parties to the suit : Pennsylvania Steel Company's App., 161 Pa. 571.   The appeal is, therefore, quashed, at appellant's costs, without prejudice to her right to raise, in this court, on appeal from a final decree against her in this proceeding, or by a proper independent proceeding to be instituted by her, the question of the right or franchise of the appellant to take her property.

Appeal quashed.