By the Court
 

 (Marshall, C. J.).
 

 This cause was first filed in this court as a motion to require the Court of Appeals of Franklin county to certify its record. That motion having been overruled, a petition in error was filed as of right, it being alleged that the record involves questions arising under the Constitutions of Ohio and of the United States. We are at this time only concerned with such constitutional questions.
 

 The original proceeding was a suit in the probate court of Franklin county, Ohio, to appropriate property for the use of the Chesapeake & Ohio Railway Company. It was heard August 13,1930, in the probate court, upon the preliminary questions of the existence of the corporation, its right to make the appropriation, its inability to agree with the owner, and the necessity for the appropriation. The preliminary questions were determined in favor of the railway company, and an order was made to draw
 
 *261
 
 a jury to determine the value of the property. Thereupon, and without waiting for such determination, Sigmund Ornstein, present plaintiff in error, prosecuted error to the court of common pleas to review the determination of the probate court upon the preliminary questions. In due time the court dismissed the petition in error on the ground that the matter determined by the probate court was not a final order. Error was thereupon prosecuted to the Court of Appeals, and on November 3,1930, the Court of Appeals affirmed the judgment of the common pleas court. While no stay of execution is in effect, the railway company has not proceeded to trial in the probate court, but is voluntarily waiting the outcome of the case in this court.
 

 Sections 11046 and 11047, General Code, make provision for hearing the preliminary questions and for summoning a jury to determine value.
 

 The lower courts have proceeded upon the theory that error may only be prosecuted from the final judgment rendered in the probate court, and that the order of the probate court determining the preliminary questions is not a final order. Section 11065, General Code, provides:
 

 “On the rendition of final judgment in the probate court, the corporation may pay into the court the amount of the judgment for compensation, and costs therein rendered, and proceed to enter upon and appropriate property notwithstanding the pendency of the proceedings in error.”
 

 It is claimed by counsel for Ornstein that the authority given to the railway company by this section, to enter upon the property during the pendency of proceedings in error, is a denial of due process
 
 *262
 
 and the equal protection of the laws, as guaranteed by Section 1 of Amendment XIV of the Federal Constitution and Section 16, Article I, of the Ohio Constitution, and that therefore Section 11065, General Code, is unconstitutional.
 

 It is not doubted that the determination of the preliminary questions by the probate judge may ultimately be reviewed on error, but it is insisted that a review after the property has been possessed by the railroad company, and possibly after buildings have been razed, is a denial of due process.
 

 This question is not one of first impressions in this court. It was determined and supported by a well-reasoned opinion in
 
 Pittsburgh, Cleveland & Toledo Rd. Co.
 
 v.
 
 Tod,
 
 72 Ohio St., 156, 74 N. E., 172. It was also determined in that case that the review of the order upon the preliminary matters must await the final judgment either dismissing the petition or confirming the verdict of the jury. In the opinion, at page 167 of 72 Ohio State, 74 N. E., 172, 175, it is stated:
 

 ‘ ‘ The determination of the preliminary questions by the probate judge is not a final judgment any more than is an order sustaining or overruling a demurrer. Of course, if the probate judge should determine these questions against the expropriator and then enter a judgment dismissing the petition, that would be a final judgment from the rendition of which either party might within thirty days file a petition in error.”
 

 Counsel for Ornstein urge that a rule which gives to the expropriator the right to prosecute error from a denial of his right to appropriate the property, but denies the right of the property owner to imme
 
 *263
 
 diately prosecute error from an order granting the right to appropriate, is a denial of the equal protection of the laws. This does not by any means follow. A denial of the right to appropriate, and a judgment of dismissal of the petition on that ground, becomes a final order, because it is the end of the case. If the right is granted, it becomes only a preliminary order in a case still pending and awaiting final determination.
 

 All of these statutes have been in effect since April 23, 1872, without substantial change. The changes which have been made since the decision of
 
 Pittsburgh, C. & T. Rd. Co.
 
 v.
 
 Tod, supra,
 
 do not detract from the soundness of the decision of that case. Ornstein has had a full hearing upon the preliminary questions and presumably will receive a full hearing upon the determination of the value of the property, and if not satisfied with the amount of the verdict may prosecute error therefrom, and, as a part of the same error proceeding, may have a review of the determination of the preliminary questions.
 

 “Due process” has frequently been defined as follows: “By the law of the land is most clearly intended the general law; a law which hears before it condemns; which proceeds upon inquiry, and renders judgment only after trial. ’ ’
 

 This court at this time approves the principles declared in
 
 Pittsburgh, C. & T. Rd. Co.
 
 v.
 
 Tod, supra.
 
 Changes have been made in the statutes since that decision, but the changes do not affect the principles herein discussed. The conclusions reached in
 
 Pittsburgh, C. & T. Rd. Co.
 
 v.
 
 Tod
 
 could only have been reached upon the basis of the constitutional
 
 *264
 
 validity of the law, which is substantially the same as Section 11065, General Code.
 

 A constitutional question is presented in the petition in error in this case, but it is no longer a debatable question, and the petition in error must therefore be dismissed.
 

 Petition in error dismissed.
 

 Jones, Day, Allen and Kinkade, JJ., concur. Matthias and Robinson, JJ., dissent.