**L. E. EDWARDS v. MIAMI SHORES VILLAGE, a Municipal Corporation.**

| | |
|---|---|
| 37 So. (2nd) 320 | June Term, 1948 |
| October 29, 1948 | Special Division A |

*Hudson & Cason* and *J. Mark Wilcox,* for appellant.

*Thomas H. Anderson,* for appellee.

BARNS, J.:

This is an appeal of an order granting a new trial wherein the appellant has made three assignments of error, two of

which relate to the order of the court granting a new trial and the third of which assignments of error relates to an order, as follows:

"It is thereupon considered, ordered, adjudged and decreed that Miami Shores Village has the legal right and authority to maintain the present condemnation proceeding; that the purpose for which said property is sought to be condemned is a public purpose; and the cause is ordered to proceed to trial before a jury for the purpose of assessing the damages to be awarded to the present owner of the property so sought to be condemned."

There has been no appeal of such quoted order and, as such, it is not appealable. Central Hanover Bank & Trust Co. v. Pan American Airways, Inc., 126 Fla. 736, 171 So. 808.

Appellant has in his brief presented the following question in argument, to-wit:

"II.

"Miami Shores Village is without constitutional or legal rights to maintain this condemnation suit for the appropriation of the respondent's property for the use and benefit of a membership club."

Appellant fails to specify to which assignment of error the question relates, but it doubtless refers to the third one quoted above.

The appellee has moved to strike that portion of appellant's brief relating to the quoted question or point, on the ground that it is impertinent to any matter before the court for adjudication.

We find the motion well founded and it is granted; and the Clerk of this Court is ordered to cancel the matter of such brief relating to such question.

TERRELL, Acting Justice, CHAPMAN and SEBRING, JJ., concur.