WRIGHT et ux. v. STATE ex rel. DEPARTMENT OF HIGHWAYS.

No. 34952. April 17, 1951.

*230 P. 2d 462.*

---

Young, Young & Young, Sapulpa, for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., and Finis O. Stewart, Asst. Atty. Gen., for defendant in error.

WELCH, J. The State Department of Highways, desiring to construct a modern paved highway through and over certain property in the outskirts of the city of Tulsa, commenced this proceedings in condemnation to take lots 10 and 11, block 6 of Opportunity Heights, as platted in a certian sub-division in a stated section, township and range in Tulsa county. Pursuant to proper resolution plaintiff sought to take the fee-simple title to said lots 10 and 11, excepting only oil and gas rights.

Following order appointing commissioners they filed their report setting out their appraisement of the damage to defendants and their property at $6,000.

Defendants, by timely answer or exception to the Commissioners' report, resisted the State's effort to take fee-simple title, denied that the plaintiff had made good faith effort to acquire said real estate by purchase, and resisted what was referred to as the State's intention and effort to condemn and take more property than was necessary, including certain improvements on said lots, and entered demand to have a jury trial to fix and determine the value of the property to be taken. There was also suggestion in the answer that the court by its decree fix and determine the title and interest which the State was entitled to take.

Shortly thereafter the State deposited the $6,000 condemnation money and filed its petition for injunction seeking to restrain defendants from removing certain improvements from said lots 10 and 11. There was a temporary restraining order with notice of application for injunction and a subsequent hearing following which the court permitted the restraining order to continue in full force and effect. Thereafter the defendants answered further and the cause was tried on all questions other than the jury question as to the amount of condemnation money ultimately to be paid by the State.

Upon this trial it developed that the 200 feet right of way desired by the State took all of lot 11 aforesaid, and all of lot 10 aforesaid except a small triangular corner thereof, which corner contained about 1/100 of an acre, and was bounded by three sides in length 34.3 feet by 20.5 feet by 27.5 feet. Based upon such trial the court found and decreed that the State could condemn and take all of said lot 11 and all of said lot 10 except the aforesaid small triangular portion of said lot 10. The court decreed that the State could take said

property with fee-simple title excepting only oil and gas rights, including the improvements thereon consisting of a small frame dwelling house and garage. The court reserved for future jury trial the question of the adequacy of the appraised amount for condemnation damage. As to that reservation for future trial there was no controversy, but from the balance of the judgment the defendants prosecute this appeal.

We shall separately state and discuss the grounds and contentions on which the defendants seek reversal.

On the contention that no effort was made to purchase before resorting to condemnation, we have examined the record and find ample evidence to support the finding against defendants on the point. It is apparent from the record that reasonable effort was made to handle the whole matter by agreement, and that the parties could not agree. We deem it unnecessary to discuss the details of the record on that question.

Defendants contend that the State was not entitled to take his real estate with fee-simple title. The statute under which the State proceeded provides in material substance that "the Department of Highways is authorized to acquire lands, or such interest therein, as in its discretion may be necessary." Title 69 O.S.A. §46. There were resolutions by the Highway Commission locating the highway and declaring the necessity to acquire fee-simple title. All the proceedings from the original petition and original notice to defendants referred to the State's desire and intention to take fee-simple title. Upon the aforesaid trial the court found and decreed in favor of the State's right to take the premises with fee-simple title. Under such circumstances the rule seems to be settled that the real estate may be taken with fee-simple title. That was decided, though with some dissenting views, in the case of Ramsey

v. Leeper, 168 Okla. 43, 31 P. 2d 852, and Harn v. State, 184 Okla. 306, 87 P. 2d 127. In view of these decisions and the statute above quoted, we must deny this contention of defendants. No authority is cited supporting the contention that the State cannot take fee title.

Defendants contend that the trial court erred in granting the injunctive relief preventing defendants from moving their house and garage from the premises involved. On that point the record discloses that upon the first notice to defendants, and the first hearing, with all parties appearing the court appointed appraisers and they reported an appraisement of $4,000; that thereafter, on motion of defendants, or perhaps by agreement of the parties, the court vacated that appraisement and appointed new appraisers who returned the aforesaid appraisement of $6,000. There is strong implication in the record that this first appraisement of $4,000 might have been based upon the taking of the land or the valuation of the land exclusive of the value of the improvements, and that such method of appraisement was not satisfactory to the defendants, and that it was upon such premises that the court vacated the first appraisement, but the record does not fully or explicitly show that to be true. But upon the trial aforesaid the court did find specifically that the second appraisement of $6,000 was based upon an appraisement of both the land and the improvements.

On this point we consider only the State's power to condemn and take both the land and the improvements. The improvements in this case constitute a definite obstruction to the construction of the contemplated highway. There is statutory provision, Title 69, O. S. A. §46, in material part as follows:

"Immediately upon payment to the clerk of said court for the use of said owner the sum so assessed and reported to him as aforesaid, the Department of Highways shall thereby be authorized to enter upon the condemned prem-

ises, and remove and dispose of any obstructions thereon, by sale or otherwise."

The removal of the house and garage was therefore a necessity and certainly the obligation would rest on the State to pay the defendants not only for the land taken, but for the improvements thereon which must be destroyed or removed in order to construct the highway. This general rule is stated in 29 C.J.S. §66, p. 855, as follows:

"Authority to condemn land will extend to the soil and everything attached to it. The fee or a lesser interest may be taken. The term 'land' or 'real estate' as used in reference to the right of eminent domain includes everything which is embraced by the term where used in its legal sense. It includes not only the soil but everything attached to it, whether attached by the course of nature, as trees, herbage, water, mines, and minerals, or by the hand of man, as buildings, fences, or other structures. . . ."

See, also, Los Angeles v. Klinker, as reported in 90 A. L. R. 148, with extended annotations at pages 159-166; and 29 C. J. S. 1044 et seq.

Upon all of the above-cited decisions, statutory provisions, and text statements, we conclude that the State generally has the authority to condemn and take land and obstructing improvements thereon; and the obligation to pay the landowner the full value of both the land and the improvements thereon, leaving for proper trial and determination, the fixing of the amount which the State must ultimately pay for the land and the improvements in each particular case.

It is thought that in a proper case the defendant or the landowner might well have the right by timely and proper application to have an appraisement made, excepting certain specific improvements with the right to remove the same in a fixed period, but we do not understand that such matter is exactly before us in this case. The attack here is made generally on the power or authority of the State to condemn and take improvements fixed to the land. Obviously, the landowner defendant would not have the right to receive compensation based on the value of the land plus the improvements, and also have the right to remove and retain the improvements. Here we are concerned only with the existence in the State of the power, under the circumstances of this case, to condemn and take the land with the improvements; and for the reasons stated, we find no error in the conclusion of the trial court that the State, in this case, had the right to condemn and take the land and the improvements.

It therefore follows that the trial court committed no error in granting the injunctive relief preventing the defendants from removing and retaining the house and garage. This leaves for future determination the correct amount which the State must pay defendants for the land and improvements, and when such determination is made and the defendants are paid the full value of both the land and the improvements, then, in our view, all rights of the defendants have been protected to the fullest extent possible under the record and proceedings here shown.

Defendants next contend that the State by this condemnation proceedings took or sought to take more land than was required for its 200 feet wide right of way. This contention has reference to the triangular corner of lot 10 heretofore referred to. In the petition of plaintiff, notice to defendants and the orders appointing commissioners, and in their reports of appraisement, the property involved was referred to as being all of lots 10 and 11 as aforesaid.

It is also true that the drawings of the proposed highway show that the triangular corner of lot 10 was outside the lines of the 200 feet wide right of

way. But upon the trial above referred to the trial court concluded that the State should not take that triangular corner and so decreed, thus leaving the defendants in full possession and title of said triangular parcel of land. It is true the appraised valuation was apparently based upon a consideration of all of lots 10 and 11, but the State seeks no reduction in the appraised valuation by reason of the fact that this small triangular parcel is left to the defendants, and the amount is so small that it could not be said that the inclusion thereof in the aggregate appraisal of $6,000 should vitiate the entire proceedings. No authorities are cited contrary to our view on this point. When in future trial there is proper determination of the amount the State should pay for the property taken, and that amount is paid, both the State and the defendants will have received justice, and the defendants will retain title and possession of this small triangular parcel of land with whatever value it may have, if any, and the oil and gas rights under the whole of lots 10 and 11.

The defendants also contend that the trial court erred in refusing to grant supersedeas as applied for. Defendant places reliance on the provisions of the Constitution in art. 2, §24, and on that part of the statute, 69 O. S. A. §46, subd. (6), which authorizes appeals in such cases, and on the general statute authorizing supersedeas as in Title 12, O. S. A. §968, subd. Third.

However, we think the specific provision applicable to this case clearly indicates the legislative intent that there shall be no supersedeas in such a case. Title 69 O.S.A. §46, subd. (6), provides in material substance as follows:

"Either party aggrieved may appeal to the Supreme Court . . . but such review or appeal shall not delay the prosecution of the work on such highway over the premises in question if the Award of Commissioners . . . has been deposited with the clerk for said owner, . . ."

This general rule is stated in American Jurisprudence in the last sentence from section 373, 18 Amer. Juris. 373-374, as follows:

"Where a statute provides that in condemnation cases proceedings shall not be stayed, provisions of the general law granting a stay of proceedings upon the filing of the bond upon appeal are not applicable."

In many cases where the State takes property by condemnation, the need is urgent and important and the reason why supersedeas should not be allowed as a matter of right seems obvious. We hold that the Legislature had the authority to provide against supersedeas and did so in effect. Therefore, there was no error in the action of the court in denying supersedeas applied for.

By the judgment appealed from the trial court considered and determined the foregoing questions and decreed the property and title which the State was entitled to take, and of which the State was entitled to immediate possession, with full right in the State to remove the obstructing improvements on the land and dispose of the same as it saw fit, but recognizing defendants' right to a jury trial, and reserving for jury trial the question of the amount of condemnation money to be paid to the defendants by the State. We find no error therein upon either or any of the grounds urged for reversal.

The judgment is affirmed.

ARNOLD, C. J., LUTTRELL, V. C. J., and CORN, DAVISON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.