A. J. Hardendorf and Mary Hardendorf,
*Plaintiffs and Appellants,*

vs.

Board of County Commissioners of the County of
Fremont and Jess Gardner, H. A. Lockard and
Art Faulkner as the Board of County Commis-
sioners of said Fremont County, Wyoming,
*Defendants and Respondents,*

Walter A. Clark,
*Plaintiff and Appellant,*

vs.

The Board of the County Commissioners of the
County of Fremont, consisting of H. A. Lock-
ard, Art Faulkner and Jess Gardner,
*Defendants and Respondents.*

(Nos. 2633 and 2635; March 9th, 1954; 267 Pac. (2d) 747)

For the plaintiffs and appellants in both cases the causes were submitted upon the briefs of Frank E. Hays and Arthur E. Oeland of Lander, Wyoming, and oral argument by Mr. Oeland.

For the defendants and respondents in both cases the causes were submitted upon the briefs and also oral argument of W. A. Smith, County and Prosecuting Attorney, Fremont County, Lander, Wyoming, and Bob C. Sigler of Cheyenne, Wyoming.

## OPINION

Per Curiam.

The two cases above mentioned were consolidated for hearing. They involve the same questions and what is said herein applies to both cases alike. The only difference is that the Hardendorfs are the owners of the S½NW¼ and Lot 2 of Section 9, Twp. 33 N, Range 99 West of the 6th P.M., in Fremont County, Wyoming, and Walter A. Clark is the owner of land in Section 34 of the same township and range.

A petition was filed in the district court of Fremont County, Wyoming, on July 2, 1953, in which the plaintiff or plaintiffs alleged the ownership of the lands above mentioned and that the defendants had initiated proceedings to take from the plaintiffs for the purpose of building a road commonly known as the Lander-Hudson Road, Project No. F-78(3), County No. 191, certain portions of their lands (describing it). In subsequent paragraphs, plaintiffs allege in substance that there is no necessity of taking the above described lands for a highway; that the public convenience or necessity does not require the taking of said lands; that there are other lands available immediately adjacent to the proposed highway which could be used; and that the

lands to be taken are not the most economical to be taken.

Summons was issued requiring the defendants to answer the petition on or before the 1st day of August 1953. On that day an answer was filed by the Board of County Commissioners denying each and every allegation of the petition, except admitting the allegations numbered 1 and 2 of the petition. On August 4, 1953, the court set the hearing on the petition for trial and on that day the plaintiffs filed a motion for a continuance of the case, stating that they have 10 days after the answer of the defendants had been filed in which to reply or to demand a jury and that the time given by the court is not sufficient in which to prepare the cause for trial; and that they require a great amount of technical assistance and preparation to properly present their case to the court. The continuance was denied. On August 4, 1953, plaintiffs filed a motion for judgment upon the grounds that no issues were presented to the court in the answer filed by the defendants. On August 6, 1953, the court entered judgment reciting that plaintiffs appeared represented by their attorneys and the defendants appeared represented by their attorneys, including Bob C. Sigler representing the Wyoming State Highway Department, and "the testimony and evidence having been heard and received by the Court, whereupon the defendants rested their case, whereupon the plaintiffs declined to submit any testimony or evidence in behalf of plaintiffs, and further moved for judgment on behalf of the plaintiffs on the grounds and for the reasons that defendants had failed to sustain their burden of proof, which motion was then and there denied by the Court, and being thus fully advised in the premises, the Court finds generally that there is necessity for the establishment and the taking of lands for the construction of a Highway known as

the Lander-Hudson Road, Project No. F-78 (3), County No. 191, insofar as the lands owned by the above-named plaintiffs are concerned and thus being fully advised in the premises, IT IS HEREBY CONSIDERED, ORDERED, ADJUDGED AND DECREED that the petition of the plaintiffs filed herein be and the same is hereby denied; * * *." From that judgment the plaintiffs have appealed to this court.

Chapter 48, Wyoming Compiled Statutes 1945, provides for the establishment of highways, both state and county. Section 48-302 provides that state highways shall be located and surveyed under the direction and supervision of the State Highway Superintendent; and that county highways shall be located and surveyed under the direction of the county surveyor of the county in which such highway is located. Section 48-303, as amended by Chapter 181, Session Laws of Wyoming, 1953, provides: "The board of county commissioners of the several counties of the State of Wyoming, through which state highways pass, are hereby authorized, required and may proceed under the provisions of this chapter, to secure the right-of-way of any such highway or highways wherever necessary; and whenever the State Highway Commission has designated or shall hereafter designate, any State highway within any county or counties, which has not been previously constructed by the State, it shall be the duty of the board of county commissioners of any such county or counties to acquire the necessary right-of-way * * *." Further provisions of the chapter above mentioned provide that the board of county commissioners of any county may on its own motion or on petition establish a highway. A viewer is appointed and he makes his report in writing to the board of county commissioners and if the board approves the location of the highway the notice shall be published for three successive weeks

in some newspaper published in the county directing that any and all objections to the establishment of the road or highway shall be filed on or before a specified date. If objections are filed to the establishment of the road or if any damages are filed, further hearings may be continued by the board until the matter can be disposed of properly. Further provisions of the statute relate to the appointment of the appraisers for the damages that may be caused by the establishment of a road.

Section 48-306, as originally enacted, provided that all county roads should not be less than 60 feet in width, etc. Chapter 181, Session Laws of Wyoming 1953, added subdivision (b) which reads as follows:

"Any land owner or interested party desiring to raise any question with respect to the necessity of the taking of the land for road purposes under the provisions of Chapter 48, Article 3, Wyoming Compiled Statutes, 1945, shall do so by filing, within thirty (30) days after the last publication of notice of the proposed location of such road, a petition in the District Court of the county in which the land or any part thereof is located. The District Court shall within ten (10) days, if possible, from and after the filing of said petition hear and determine the question of necessity. Provided that when said petition is filed, the burden of showing necessity shall be sustained by the county or the State Highway Department. If no petition, to raise the question of necessity, is filed within the said thirty (30) day period, the necessity shall be presumed and the question cannot later be raised."

The case has been submitted both on a motion to dismiss and on the merits. It may be noted that the eminent domain proceedings of the board of commissioners have not, so far as the record shows, been completed, and that the appeal herein has been taken from

the order holding that there is a necessity for taking the property of the plaintiffs. The first ground for the motion to dismiss is that the order of the court herein is not appealable, but is merely an interlocutory order, and no statutory provision authorizes an appeal therefrom. We are inclined to think that the contention is well taken under the ruling of this court in Big Horn Coal Co. v. Sheridan-Wyoming Coal Co., 67 Wyo. 300, 224 P. (2d) 172, 177, 178. In that case we held that unless it comes within some special statutory provision, an adjudication as to the right to condemn or appoint commissioners to assess damages, which is regarded as interlocutory in nature, is generally not appealable until after final judgment or until after ascertainment of the compensation and payment therefor, and we stated: "All the questions urged and argued in counsel's briefs in this cause as it appears before us, are subject to review upon an appeal taken from the award of the jury herein and an order made confirming it. That order is undoubtedly appealable under the authorities mentioned above and this is the orderly manner in which such interlocutory rulings are reviewed in an appellate court unless a special statute otherwise provides." The ruling is supported in the recent cases of First Nat. Bank of Greeley v. Minnesota Mines, 109 Colo. 6, 121 P. (2d) 488; Edwards v Miami Shores Village, 160 Fla. 923, 37 So. (2d) 320; State v. Bentley, 224 Minn. 244, 28 N.W. (2d) 179, 28 N.W. (2d) 770; New York State Elec. & Gas Corp. v. Smith, 54 N.Y.S. (2d) 287, 269 App. Div. 725.

The second ground for the motion to dismiss is that this appeal presents no issues for our determination, in view of the fact that the evidence taken in the case has not been embodied in the record on appeal. Plaintiffs counter by saying that no evidence was properly introduced because the trial court should have given

them judgment on the pleadings for the reason that the answer of the defendants raised no issue in the court below. We think counsel misunderstand the meaning of subdivision (b), supra. They are under the impression that it is governed by the Code of Civil Procedure; that their petition, authorized and filed pursuant to subdivision (b), supra, is the ordinary petition in any other case; that it required an answer, the same as in any ordinary civil case, in which defendants should have alleged the necessity of taking the lands in controversy and that the answer filed is wholly insufficient to raise any issues in the case. While a trial before the jury to review the amount of damages to which a landowner is entitled in an eminent domain proceeding is probably governed by the Code of Civil Procedure (See §§ 48-333, 3-6308, W.C.S. 1945; Big Horn Coal Co. v. Sheridan-Wyoming Coal Co., supra), we are inclined to believe that in connection with the question now before us, the rule of Sterritt v. Young, 14 Wyo. 146, 82 P. 946, 950, applies where it was said: "The proceedings to condemn property under the right of eminent domain is not a civil action nor is it necessary that it should be considered in the ordinary course of legal proceedings." See also Edwards v. City of Cheyenne, 19 Wyo. 110, 143, 114 P. 677, 122 P. 900. So we must look into the wording of subdivision (b), supra, in question in order to determine what procedure the legislature has prescribed.

That subdivision provides that the court shall determine the question of necessity within ten days after the petition has been filed. In other words the court may set down a hearing upon the petition at once after the latter has been filed, subject doubtless to the fact that the parties shall have an opportunity to present their case. In view of that provision, it is quite clear that the legislature did not contemplate that any answer to the

petition was necessary to be filed as is required under the Code of Civil Procedure. When the plaintiffs came into court and alleged what action had been taken by the board of commissioners, that action was then fully in the case, introduced therein by the plaintiffs themselves, and that action at least implied that the board considered that necessity for the expropriation existed. It would seem that it would be wholly superfluous for the board to again declare such necessity by additional pleading. The so-called petition of the plaintiffs was merely the equivalent of a denial of such necessity. Thus the issues were fully made up when the plaintiffs filed their so-called petition, without the necessity of any further pleading. The court had then the right to set the case down for hearing on the issues so joined and to hear whatever evidence the parties had to offer. The evidence introduced is not embodied in the record on appeal, and hence there is nothing here for us to review.

Other points argued herein, for instance that the so-called petition of plaintiffs is fatally defective, or to what extent the question of necessity of taking property in the eminent domain proceedings here involved is a judicial question, are points not necessary to be determined herein.

The motion to dismiss this appeal is sustained.

*Dismissed.*