HENRY A. WILLIAMS, et ux.,

*v.*

McMINN COUNTY, TENNESSEE

(*Knoxville,* September Term, 1960.)

Opinion filed December 9, 1960.

CHARLES C. GUINN, Etowah, for appellants.

JACK JOHNSON, Athens, JAMES M. GLASGOW, Assistant Attorney General, for appellee.

MR. CHIEF JUSTICE PREWITT delivered the opinion of the Court.

In this cause, the defendant in error, McMinn County, has filed a motion to dismiss the appeal because a final judgment has not been rendered in this case which is reviewable by any method, or in the alternative, the appeal be dismissed because it is premature.

Now it appears that the County filed a petition in the Circuit Court at Athens seeking to condemn certain lands belonging to Henry A. Williams and wife, and the petition alleged that it was necessary to take the land for the right-of-way of a state highway. The petition, among other things, prayed that the lands described be decreed to the petitioner.

The defendants filed an answer and cross-petition which on motion of the petitioner was dismissed. Thereupon this appeal resulted.

It is obvious that the appeal is premature. In *Younger v. Younger*, 90 Tenn. 25, 16 S.W. 78, it was said:

"An appeal, as a matter of right, lies only from a final decree or judgment, and a final decree * * * is one which decides and disposes of the whole merits of the case."

See also *Gavin v. Shelby County*, 172 Tenn. 696, 113 S.W.2d 1195.

The Gavin case held that a judgment which is not final as to all the parties to a condemnation proceeding is not final nor appealable. See *Isreal v. Guy*, 188 Tenn. 485, 221 S.W.2d 525.

It is apparent from the established rules of law in Tennessee that the judgment entered in this case is not one from which an appeal will lie. It results that the appeal must be dismissed.