Argued October 6, appeal dismissed November 8, 1967

## CITY OF PORTLAND, *Respondent, v.*
## ANDERSON ET UX, *Appellants.*
### 432 P. 2d 1020

*Darwin K. Anderson,* Portland, argued the cause and filed a brief for appellants.

*Robert L. Hurtig,* Portland, argued the cause for respondent. With him on the brief were Alexander G. Brown and Marian C. Rushing, Portland.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and LUSK, Justices.

DENECKE, J.

The City brought this eminent domain proceeding to secure an easement across defendants' land for construction of a sewer. The City filed a motion for immediate possession, together with supporting affidavit, pursuant to ORS 223.110, which authorizes possession prior to final judgment. The defendants filed an answer and resisted the motion for immediate possession. Oral argument was had on the motion, and the motion was granted. The property owners appeal from the order granting immediate possession.

The defendants contend that the taking is not for a public use and not required for public necessity, but rather is to provide service to private land, and, even if it were for a public use, the sewer could be constructed in such a manner that defendants' land would not have to be taken.

The defendants did not file any type of stay bond and it is conceded that the City has gone into possession and constructed the sewer.

An order of immediate possession ordinarily is not a final order because it does not determine the plaintiff's right to ownership and the amount of defendants' compensation. Not being a final judgment, it is not appealable. ORS 19.010.

Under some circumstances it might be an appealable order. If the property could be irrevocably damaged by a condemnor in possession so that an award

of damages would be inadequate, and if the property owner contested the government's right to condemn, the order could be appealable. 6 Nichols, Eminent Domain, § 24.5, 72 (3d ed 1965): "The establishment of the right to condemn is a prerequisite to any right of possession by the condemnor." Under the above-stated circumstances it could be considered, "An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein." ORS 19.010(2)(a) provides that such an order is appealable.

■ Now that the sewer is constructed the order granting immediate possession does not "in effect determine[s] the action or suit * * *." It is immaterial that the land may have been irrevocably damaged. An appeal cannot change that condition. The landowner will not be prejudiced by having all the issues tried, the plaintiff's right to condemn and the amount of compensation to be awarded, and by having complete and final judgment entered. All the issues would then be appealable in one appeal. See *Dlouhy v. Simpson Timber Co.*, 247 Or 571, 431 P2d 846 (1967).

The order granting immediate possession is not appealable.

Appeal dismissed.