ARKANSAS LOUISIANA GAS
COMPANY, Appellee,

v.

Zack L. LATHAM, et al., Appellants.

No. 52126.

Supreme Court of Oklahoma.

April 6, 1982.

Rehearing Denied Sept. 14, 1982.

Robert J. Emery, James M. Gaitis, Oklahoma City, for appellee,

George W. Braly, Braly & Braly, Stonewall, Charles B. Grethen, Purcell, for appellants.

BARNES, Vice Chief Justice.

Appellants appealed an order of the Corporation Commission which certified a reservoir underlying Pontotoc County as being suitable for gas storage purposes. In an unpublished opinion the Court of Appeals affirmed the order. Appellants filed a petition for certiorari, which we hereby grant.

The foundation of this appeal is appellee's attempt to condemn underground gas storage rights currently owned by the appellants. The procedure for this type of action is found in 52 O.S. §§ 36.1–36.7. In capsule form, the important portions include the requirement that the Corporation Commission certify that the benefits of the recoverable native gas is smaller than the public benefit of using the underground area as a storage unit. This certificate must be obtained by the party seeking condemnation before filing his eminent domain proceeding in district court.

In this case, Arkla has secured by the subject order the Commission certificate and is ready to proceed in district court through eminent domain proceedings. Appellants contend, however, that the Corporation Commission incorrectly refused in its certificate order to limit the effect of its finding that no recoverable native gas in place remained in the subject reservoir. Appellants contend such finding cannot be used to preclude the rights of landowners to have the amount and value of their native gas condemned under the procedure set out

in Article 2, Sec. 24 of the Oklahoma Constitution.[1]

All that appellants ask is that the Commission's order be limited by a suitable restriction to clearly indicate that the finding to the effect that "there is no recoverable native gas in the reservoir" is for the purpose of the proceedings before the Commission and is not to be used in derogation of the landowners' rights to seek compensation for an amount and value of native gas under the provisions of Article 2, Sec. 24 of the Oklahoma Constitution.

We agree with the appellants' contention. The Oklahoma Constitution specifically requires that compensation for property taken for public purposes will be determined by a jury if timely demand is made therefore.[2] If the Commission's finding was allowed to have dispositive effect, the state constitution would be violated because there would have been no opportunity to request a jury and thus have the damages determined by a jury. In addition, the clear purpose of 52 O.S. § 36.3(b) and § 36.4 that the Commission determine "the amount of recoverable oil and native gas, if any, remaining" in the reservoir, is so that a rational finding can be made that the reservoir is more valuable for storage purposes than for the production of oil or gas.

Appellee contends that the Commission findings only determine volume of gas and not value of gas and thus do not violate the Constitution. This argument ignores the practical effect of such a finding. While it may be that the Commission was only concerned with the volume involved, the finding that there was no recoverable gas would eliminate any damages if such finding was followed in the district court condemnation proceedings.

We conclude that the Commission order and findings granting a certificate pursuant to 52 O.S. §§ 36.1 et seq. are limited to the certificate proceeding only and will not be effective collaterally in the condemnation proceedings in district court. Both parties may present their evidence to a jury regarding amounts of gas remaining and value thereof.

Appellants' second issue involves discovery procedures before the Commission. They admit in their brief that this issue is important only if the first argument is resolved unfavorably. Accordingly, we do not reach this issue.

The opinion of the Court of Appeals is vacated and the Commission order reversed, with direction to modify it by limiting its effect to the initial certification procedure.

REVERSED.

IRWIN, C. J., and LAVENDER, SIMMS, DOOLIN, HARGRAVE, OPALA and WILSON, JJ., concur.

Rehearing Denied Sept. 27, 1982.

---

**1.** Article 2, Sec. 24 of the Oklahoma Constitution provides in part that: "Private Property shall not be taken or damaged for public use without just compensation ... such compensation ... shall be ascertained by a board of commissioners of not less than three freeholders."

**2.** *Wright v. State ex rel. Dept. of Highways,* 204 Okl. 380, 230 P.2d 462 (1951).